IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT ANDREWS ROUTH, JR.                                                    PLAINTIFF

v.                               Civil No. 2:24-cv-02088-TLB-MEF

SARAH HUCKABEE SANDERS,
INSTITUTIONAL PRODUCTS SUPPLY,
STATE OF ARKANSAS, CRAWFORD
COUNTY DETENTION CENTER                                                      DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff failure to obey two Court Orders and failure to prosecute this case.

### I.      BACKGROUND

Plaintiff filed his Complaint on July 12, 2024. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to file a completed *in forma pauperis* ("IFP") application and an Amended Complaint by August 2, 2024. (ECF No. 3). When Plaintiff failed to submit either document, the Court entered a Show Cause Order directing Plaintiff to respond by August 26, 2024. (ECF No. 5). Both Orders advised Plaintiff that failure to submit the required response by the deadline would result in the dismissal of his case. (ECF Nos. 3, 5). These Orders were not returned as undeliverable.

To date, Plaintiff has failed to respond to either Order. He has not communicated with the Court since filing his initial Complaint on July 12, 2024. (ECF No. 1).

1

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.     CONCLUSION

Accordingly, it is recommended that Plaintiff Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of September 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE